Jones, Chief Judge,
delivered the opinion of the Court:
The question is the value at the time and place of taking *875 of the yacht Pauzola II, which was owned by the plaintiffs and which was requisitioned by the defendant on August 11, 1942.
The facts are set out in detail in the findings.
The War Shipping Administration on May 15, 1943, determined that $7,000 represented just compensation for the vessel, including furniture, fixtures and equipment, and offered that amount to plaintiffs. This offer was rejected.
On May 25, 1944, the parties agreed that plaintiff should be paid $5,250, plaintiffs reserving the right to sue for the balance of what they regarded as just compensation.
The advance sum agreed upon was paid plaintiffs on June 9,1944.
' Plaintiffs sue for a net sum of $24,750 with interest, which they claim is the balance due.
Built in 1930, the original cost, including furnishings, was $75,000.
Plaintiffs purchased the yacht on October 3, 1941, for $18,000, and between that date and August 11,1942, expended $2,253.62 for maintenance and improvement.
The vessel was a commuter-type yacht, beautifully constructed, and was capable of operating at high speed in inland waters. It was built for the use of men of means who commuted daily from their homes on the Connecticut shore and on Long Island to their places of business in New York City. •
After plaintiffs purchased the yacht she was moved to Charleston, South Carolina. On December 15, 1941, the vessel was sailed to Biscayne Bay, Florida, where one of the plaintiffs used her for occasional cruises until about January 15,1942. The yacht was then placed in dry storage at Miami Beach where she remained until requisitioned August 11, 1942. Plaintiffs carried hull insurance in the amount of $30,000.
In order to fit the vessel for use offshore from Cape Canogo, Florida, for aircraft personnel rescue work, the defendant spent $13,000 in repairs, alterations, and improvements.
Many factors must be considered in arriving at just compensation.
*876 Following the depression in 1929 the price of yachts dropped and there were few. sales until 1986 or 1987 when sales increased to some degree until prices were about normal in 1941. But by 1942 there was no market for most yachts. One commuter yacht, built in 1929, was sold in 1940 for $10,000. With that exception there is no evidence of any Sale of comparable yachts during the two years prior to requisition. We must find the fair and reasonable value at the time and place of taking.
At that time the private use of yachts was subject to severe government restrictions. Gasoline was rationed and was not available for use in pleasure yachts. Only yachts engaged in commercial fishing or on patrol duty were allowed to operate in Florida waters. The Pamola II was not the type of vessel which could be converted to commercial use. If she had remained in lay-up status during the war period some maintenance expense would necessarily have been incurred.
We find the fair and reasonable value of the Pamola II, at the time and place of taking, exclusive of any enhancement due to the causes necessitating the taking, was $11,500.
Plaintiffs are entitled to recover the sum of $6,250, plus interest at the rate of four percent per annum on $11,500 from August 11,1942, to May 28,1943, plus interest on $6,250 from May 28, 1943, to date of payment at the rate of four percent per annum, all as a part of just compensation.
Howell, Judge; Madden, Judge; Whitaker, Judge; and Littleton, Judge, concur.